IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA            ) | |
|                                                               ) | |
| v.                                                          ) | CRIMINAL NO. 98-0057-WS |
|                                                               ) | |
| JAIME AIRD,                                        ) | |
|                                                               ) | |
|         Defendant.                               ) | |

**ORDER**

      This matter comes before the Court on defendant's *pro se* Motion to Dismiss Indictment and Judgment Based Thereon for Being Void Due to Lack of Subject Matter Jurisdiction (doc. 97) and Motion Requesting a Writ of Audita Querela Pursuant to 28 U.S.C. § 1651 (doc. 98).

      After a jury trial in this District Court in June 1999, defendant Jaime Aird was convicted of one count of conspiracy to possess with intent to distribute more than ten kilograms of cocaine, in violation of 21 U.S.C. § 846, and five counts of possession with intent to distribute cocaine, all in violation of 21 U.S.C. § 841.  On September 22, 1999, the late District Judge Vollmer sentenced Aird to a term of life imprisonment with respect to the § 846 offense and to concurrent 480-month terms of imprisonment with respect to each of the substantive § 841 counts.  At sentencing, Judge Vollmer found that Aird was responsible for at least 150 kilograms of cocaine.  On direct appeal, the Eleventh Circuit affirmed Aird's convictions and sentences with respect to the § 846 count and one of the § 841 counts, but reversed the convictions and sentences on the other § 841 counts on limitations grounds.  Aird's success on direct appeal was illusory, however, because both the District Court on remand and the Eleventh Circuit on ensuing appeal determined that he was not entitled to resentencing on the two remaining counts of conviction, such that he was still facing a term of life imprisonment on the § 846 count, with a concurrent 480-month sentence on the one § 841 count that the appellate court had deemed not to be time-barred.

      In October 2002, Aird filed a motion to vacate, set aside or correct sentence (doc. 80) pursuant to 28 U.S.C. § 2255 on the grounds that counsel who represented him at trial and on

direct appeal provided constitutionally ineffective assistance to him in the following respects: (a) failure to raise a constitutional challenge to the alleged constructive amendment of the indictment; (b) failure to object to introduction of prejudicial evidence admitted at trial pursuant to Rule 404(b), Fed.R.Evid.; (c) failure to preserve a *Jones* objection during sentencing; and (d) failure to raise an *Apprendi* claim on appeal.  By Order (doc. 88) entered on July 1, 2004, this Court adopted the Magistrate Judge's Report and Recommendation, overruled Aird's objections, and denied his § 2255 motion on the merits.  On February 22, 2005, the Eleventh Circuit dismissed Aird's appeal of the denial of his § 2255 motion on timeliness grounds.  (*See* doc. 95.)

Now, approximately nine years after he was convicted and sentenced, and more than three years after the denial of his § 2255 motion, Aird comes back to this District Court with a pair of motions.  In the first motion, styled a "Motion to Dismiss Indictment and Judgment Based Thereon for Being Void due to Lack of Subject Matter Jurisdiction" (doc. 97), Aird posits a variant of his argument (previously considered and rejected in the context of his § 2255 motion) that the indictment was defective.  Aird's theory at this time is that the indictment is faulty because it fails to list the specific subsections of § 841 that were in play, which Aird argues constitutes a defect of such monumental proportions that it deprived the District Court of subject matter jurisdiction over this case.[1]  Plaintiff cites Rule 60(b)(4) of the Federal Rules of Civil Procedure as the legal source for the relief he seeks, to-wit: an order by this Court vacating the judgment as void.

Aird's second motion is framed as a "Letter Motion Requesting a Writ of Audita Querela Pursuant to 28 U.S.C. § 1651" (doc. 98).  In this motion, Aird requests that this Court resentence him pursuant to *United States v. Booker*, 543 U.S. 220 (2005), on the grounds that he never had a chance to raise a *Booker* claim on direct appeal or in his § 2255 motion, and toss out Judge Vollmer's findings concerning drug quantity, Aird's leadership role in the offense, and his obstruction of justice.  Aird takes pains to request that this Court not construe his motion as a second or successive § 2255 motion, and insists that as long as no such construction is afforded

---

[1] Representative of Aird's arguments on this point is his statement that "without the citation of 21 U.S.C. § 841(b)(1)(A)(ii)(II) and § 841(b)(1)(B)(ii)(II) or the tracking of its language, jurisdiction has never been properly invoked and/or conferred within and upon this Court, via the accusatory pleading, that is to say, the indictment."  (Doc. 97, at 17.)

to his motion the statutory bar on second or successive petitions absent leave of the appellate court is inapplicable here.

Upon review, the Court finds that both Motions represent improper attempts to circumvent the statutory restrictions on second or successive § 2255 petitions by relabeling those filings as something else.  With respect to Aird's motion seeking vacatur of the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a wall of precedent unequivocally forbids him from utilizing Rule 60(b) in this manner.  *See, e.g., United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence" in criminal proceedings); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case").  In *Barnett v. United States*, 2005 WL 2082900 (11th Cir. Aug. 30, 2005), the Eleventh Circuit determined that the district court lacked jurisdiction to consider a criminal defendant's Rule 60(b)(4) motion aimed at overturning his conviction, reasoning that "Rule 60(b) is a rule of *civil* procedure: it does not provide relief from judgment in a criminal case."  *Id.* at *1; *see also Altman v. United States*, 2008 WL 835257, *1 (11th Cir. Mar. 31, 2008) (opining that "Rule 60(b) does not provide for relief from judgment in a criminal case" and "a Rule 60(b) motion is not the proper motion by which to attack a criminal judgment").  On that basis, Aird's Motion to Dismiss Indictment (doc. 97) is **denied** as frivolous.[2]

With respect to Aird's attempt to invoke the writ of audita querela to collaterally attack his conviction and sentence, such an effort is foreclosed by *United States v. Holt*, 417 F.3d 1172

---

[2] The same result would obtain if the Court were to construe Aird's Rule 60(b) Motion as a second or successive § 2255 motion.  The law is clear that "[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion."  *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005).  In particular, "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals...."  28 U.S.C. § 2255.  Moreover, a petitioner must seek and obtain this certification "[*b*]*efore* a second or successive application ... is filed in the district court ...."  28 U.S.C. § 2244(b)(3)(A) (emphasis added).  Petitioner having failed to seek (much less obtain) leave from the Eleventh Circuit, any attempt by Aird to bring a second § 2255 motion is improper and this Court lacks jurisdiction to consider it.  *See* 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (affirming denial of Rule 60(b) motion construed as a successive § 2255 motion when the defendant had not received authorization to file a successive habeas petition).

(11th Cir. 2005), wherein the court held as follows:

> "Based on this persuasive authority, we hold that a writ of *audita querela* may not be granted when relief is cognizable under § 2255. Because, in the instant case, Holt is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is § 2255."

*Id.* at 1175; *see also United States v. Jackson*, 2005 WL 3304008, *1 (11th Cir. Dec. 7, 2005) (rejecting attempt by defendant to use motion for writ of audita querela to obtain *Booker* relief because the appropriate avenue of relief is § 2255 and defendant would be unable to obtain *Booker* relief even through a § 2255 motion inasmuch as *Booker* is not retroactively applicable to § 2255 cases on collateral review). Aird cannot obtain the relief he seeks simply by dressing up a § 2255 motion as a motion for writ of audita querela, inasmuch as the writ is unavailable in such circumstances. Moreover, in *Holt*, as in the case at bar, the defendant had previously filed a § 2255 motion; therefore, the *Holt* court determined that, even if the motion for writ of audita querela were liberally construed as a § 2255 motion, dismissal would remain appropriate because the defendant had failed to secure prior authorization from the appellate court before filing a second or successive petition. The same reasoning is fatal to Aird's motion. Accordingly, the Motion Requesting a Writ of Audita Querela (doc. 98) is likewise **denied**.

**DONE** and **ORDERED** this 14th day of May, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE