# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 98-0057-WS |
| ) | |
| JAIME AIRD, ) | |
| ) | |
|     **Defendant.** ) | |

## ORDER

This matter comes before the Court on defendant Jaime Aird's filing styled "Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6)" (doc. 121).

Defendant is no stranger to this Court. Back in June 1999, a jury in the Southern District of Alabama found him guilty of one count of conspiracy to possess with intent to distribute cocaine, in violation of 18 U.S.C. § 846, and five counts of possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841. At sentencing, Judge Vollmer found that Aird was responsible for at least 150 kilograms of cocaine, and sentenced him to a term of life imprisonment on the § 846 offense and concurrent 480-month terms on each of the § 841 counts. On direct appeal, the Eleventh Circuit reversed Aird's conviction on four of the § 841 counts on limitations grounds; however, it affirmed his conviction and sentence on the § 846 count and the remaining § 841 count.

In the ensuing years, Aird has filed numerous motions in this District Court seeking relief from his convictions and sentences. For starters, in October 2002, Aird filed a § 2255 Petition (doc. 80) alleging ineffective assistance of counsel in multiple respects.[1] The undersigned

---

[1] In particular, Aird maintained that his constitutional right to counsel had been violated by counsel's (i) failure to object to purported constructive amendment of the indictment (via the Government's references to a crack cocaine conspiracy at trial, rather than powder cocaine, and the court's instruction that the jury need not find the specific quantity of the controlled substance identified in the indictment in order to convict Aird), (ii) failure to object to the admission of Rule 404(b) evidence against Aird, and (iii) failure to raise *Jones / Apprendi* objections relating to judicial findings of drug quantities that increased the statutory maximum sentence to which Aird was subject.

denied that petition in July 2004. (Doc. 88.) Shortly thereafter, Aird filed a Rule 59(e) motion for relief from the judgment denying his § 2255 motion, which motion was likewise denied in October 2004. (Docs. 89-90.) In May 2008, Aird filed a motion to dismiss indictment for lack of subject matter jurisdiction (on the grounds that the indictment failed to cite the specific subsections of 21 U.S.C. § 841 that he was charged with violating) and a motion for writ of *audita querela* (seeking a *de novo* sentencing hearing under *Booker* even though *Booker* was not retroactively applicable to him). (Docs. 97-98.) The Court denied both motions. (Doc. 99.) In June 2008, Aird filed a motion for reconsideration and a motion for leave to amend pleading to repackage his jurisdictional argument as one pursuant to Rule 57, Fed.R.Crim.P. (Docs. 100-101.) Both motions were denied as frivolous. (Doc. 102.) In July 2008, Aird filed a motion to clarify (doc. 103), which the undersigned denied by endorsement (doc. 104). In November 2014, Aird successfully moved under 18 U.S.C. § 3582(c)(2) for a reduction in sentence pursuant to the 2014 Drug Guidelines Amendment, with the Court entering an Order (doc. 110) reducing his sentence to 360 months. In May 2016, Aird filed a motion for jail time credits and a new sentence (doc. 112), which the undersigned denied by endorsement (doc. 113). Finally, in January 2017, Aird filed another § 3582(c)(2) motion (doc. 114), claiming that the three-level enhancement he received for role in the offense was improper; however, the Court denied that motion because the requested relief was unauthorized by statute. (Doc. 115.)

Against that backdrop demonstrating his propensity for bringing frivolous motions for relief from his conviction or sentence, Aird now files what he labels a motion for relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. In this Motion, Aird asserts that his due process rights were violated by what he describes as "a major error of law" because the charges against him in this case are identical to those for which he was prosecuted, convicted and sentenced in the U.S. District Court for the Southern District of Florida in 1997-98 (the "Florida Case"). Aird maintains that "[b]oth cases, in both Districts, were of the same criminal conduct stemming from the same ongoing criminal behavior in violation of the same criminal charges." (Doc. 121, at 9.) Because of that overlap, Aird says, he should not have been sentenced to consecutive terms of imprisonment in the two cases, but rather should have been sentenced concurrently for the same course of conduct. On that basis, Aird asks that this Court vacate the judgment in this case, then re-impose a judgment sentencing him to the same term of imprisonment, to be served concurrently with that imposed in the Florida Case.

There are a host of defects with Aird's Motion. As an initial matter, it is improper for a criminal defendant to use Rule 60(b) of the Federal Rules of Civil Procedure to challenge his sentence. *See, e.g., United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case").[2] To be sure, a federal prisoner may use a Rule 60(b) motion to challenge the denial of relief in a § 2255 proceeding where the motion attacks some defect in that § 2255 proceeding. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011); *Serrano v. United States*, 411 Fed.Appx. 253, 255 (11th Cir. Jan. 26, 2011) ("Under certain circumstances, a prisoner can use a Rule 60(b) motion to challenge a judgment denying relief in a post-conviction proceeding."). But nothing in Aird's Rule 60(b)(6) Motion relates to or has anything to do with the Order and Judgment denying his § 2255 motion back in July 2004. Aird is not suggesting there was some defect in the integrity of his § 2255 proceedings, but is rather bringing a substantive claim (not raised in his § 2255 Motion filed in October 2002, although it was certainly available to him at that time) seeking relief from his sentence. That is not a permissible use of the Rule 60(b) procedural vehicle in a criminal case.

Moreover, although Aird frames his Motion as being brought under Rule 60(b), in actuality it is an improper, unauthorized second or successive § 2255 motion. Again, Aird is attempting to use this Motion to assert a brand-new claim for relief (*i.e.*, that his sentence in this case was unlawful because the conduct for which he was being punished was the same as that for which he had already been sentenced in the Florida Case, such that his sentences in the two matters should have run concurrently, not consecutively). Thus, it is not a Rule 60(b) motion at all, but is instead a successive § 2255 motion. *See, e.g., Gilbert*, 640 F.3d at 1323 ("Because

---

[2] *See also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b)(4) is a civil motion that is not available to an individual challenging his sentence" in criminal proceedings); *United States v. Knowles*, 638 Fed.Appx. 977, 979 (11th Cir. Feb. 8, 2016) ("Federal Rule of Civil Procedure 60(b) does not provide for relief from judgment in a criminal case."); *Serrano v. United States*, 411 Fed.Appx. 253, 255 (11th Cir. Jan. 26, 2011) ("Rule 59 and Rule 60(b) are civil remedies, and, therefore, cannot be used to obtain relief from a judgment in a criminal case."); *Altman v. United States*, 2008 WL 835257, *1 (11th Cir. Mar. 31, 2008) (explaining that "Rule 60(b) does not provide for relief from judgment in a criminal case" and "a Rule 60(b) motion is not the proper motion by which to attack a criminal judgment"); *Barnett v. United States*, 2005 WL 2082900, *1 (11th Cir. Aug. 30, 2005) ("Rule 60(b) is a rule of *civil* procedure: it does not provide relief from a judgment in a criminal case.").

Gilbert's motion sought to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, under *Gonzalez* his motion is the equivalent of a second or successive motion ...."); *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) ("a Rule 60(b) motion is to be treated as a successive habeas petition if it … seeks to add a new ground of relief") (citation and internal quotation marks omitted). Of course, "[w]hen a Rule 60(b) motion qualifies as a second or successive habeas petition …, it must comply with the requirements for such petitions under the AEDPA." *Williams*, 510 F.3d at 1294. "When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from [the Eleventh Circuit] before filing a successive § 2255 motion." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005); *see also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris*, 333 F.3d at 1216. Aird has not obtained such authorization from the Eleventh Circuit; therefore, he is barred from pursuing that claim here.

For all of the foregoing reasons, the Court concludes that Aird is ineligible for relief under Rule 60(b)(6) because he is attempting to use a rule of civil procedure to challenge a criminal judgment (as opposed to the outcome of a civil post-conviction proceeding), and because his motion is in actuality an unauthorized second or successive § 2255 motion which this Court lacks jurisdiction to consider. Defendant's "Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(6)" (doc. 121) is **denied**. To the extent that Aird may seek a Certificate of Appealability to appeal this ruling, or wishes to appeal *in forma pauperis*, those requests are both **denied** on the grounds that any appeal would be frivolous.

DONE and ORDERED this 16th day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE