# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 98-0057-WS |
| | ) |
| JAIME AIRD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant Jaime Aird's "Motion for Clarification of the Record" (doc. 132). In that Motion, Aird explains that he is serving a 360-month sentence imposed by the late Judge Vollmer in this case, and that he also served a 120-month sentence that was previously imposed in the United States District Court for the Southern District of Florida in a matter styled *United States v. Aird*, 97-CR-709-03. Aird represents that the Florida matter is "based on the same criminal conduct" as this case, and observes that the sentencing court in the Southern District of Alabama matter was silent as to whether his sentence in this case was to run concurrently or consecutively with that previously imposed in the Florida matter. On that basis, Aird explains that he is "requesting clarification on the record" as to whether Judge Vollmer intended to impose his 360-month sentence consecutively or concurrently with that previously imposed in the Florida matter.[1]

The Court has carefully reviewed the court file. Nowhere in the Judgment in a Criminal Case entered on September 22, 1999, or anywhere else, does the undersigned find any indication that Judge Vollmer intended for the sentence in this matter to run concurrently with that imposed in the Florida case. Aird acknowledges as much. That fact is fatal to his request for "clarification." After all, the law is crystal clear that "[m]ultiple terms of imprisonment imposed

---

[1] Aird attaches to his Motion a BOP Progress Report dated June 26, 2018, which reflects that the BOP credited Aird's time served exclusively to the Florida matter until July 5, 2006, at which time his 121-month sentence was discharged. All subsequent time served has been credited exclusively to Aird's 360-month sentence imposed in this case. (Doc. 132, att. A at 1, PageID.394.)

at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The record unambiguously confirms that Judge Vollmer did not order the terms to run concurrently; therefore, there is nothing to clarify. The fact that Judge Vollmer did not order Aird's sentence in this matter to run concurrently with that imposed in the Florida matter is conclusive of an intent to run those sentences consecutively, pursuant to § 3584(a).

Nor does Aird's legal position improve with his invitation for this Court to go back and reevaluate the consecutive-versus-concurrent decision now based on circumstances such as Aird's age, favorable prison disciplinary history, extensive participation in prison education programs, and the like. It is well settled that sentencing courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). Indeed, the law is clear that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). "A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010). Neither Rule 35 nor any statute would appear to authorize modification of a sentence from consecutive to concurrent under the circumstances described by Aird here, some two decades after the fact. Simply put, defendant has failed to make any showing that his Motion rests on a cognizable jurisdictional footing. Accordingly, this Court lacks authority to grant the Motion and make an independent determination of concurrent-versus-consecutive sentences for Aird on the specified grounds.

For the foregoing reasons, Defendant's "Motion for Clarification of the Record" (doc. 132) is **denied**. The Court **certifies** that any appeal from this Order would be frivolous and not brought in good faith; therefore, Aird will not be allowed to appeal *in forma pauperis*.

DONE and ORDERED this 10th day of September, 2019.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE