IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                       ) | CRIMINAL NO. 98-0057-WS |
| ) | |
| JAIME AIRD,                                         ) | |
| ) | |
| Defendant.                               ) | |

# ORDER

This matter is before the Court on the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 135). The parties have filed briefs and/or evidentiary materials in support of their respective positions, (Docs. 134-35, 140-41), and the motion is ripe for resolution.

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A).

Relief under this provision, known as "compassionate release," thus requires satisfaction of four elements: (1) a proper motion; (2) a finding that extraordinary and compelling reasons for such relief exist; (3) a finding of consistency with Sentencing Commission policy statements; and (4) favorable consideration of the Section 3553(a) factors.

**I. Proper Motion.**

The defendant asserts that he fulfilled the first requirement by submitting to the director of his community service center a request that he bring a motion for compassionate release on

the defendant's behalf.  (Doc. 134 at 3-5; Doc. 135 at 15).  The government raises no challenge to the defendant's position.  The exhaustion requirement is not jurisdictional, and insistence on its satisfaction may be forfeited by the government's failure to object.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  The Court therefore assumes that this requirement is satisfied.

## II.  Extraordinary and Compelling Reason.

Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t).  The Sentencing Commission has done so.  U.S.S.G. § 1B1.13.  The extraordinary and compelling reasons listed therein are the only ones that can support compassionate release, and district courts lack power to develop others.  *United States v. Bryant*, 996 F.3d 1243, 1247-48, 1264-65 (11th Cir. 2021).

The defendant advances the following, individually and cumulatively, as his extraordinary and compelling reasons for relief:  (1) his age and the length of his incarceration; (2) his age and medical condition; (3) the health of his sister and brother-in-law; and (4) his rehabilitation.  (Doc. 135 at 1-2).

### A.  Age and Length of Incarceration.

Congress itself identified one adequate reason for a sentence reduction in the text of Section 3582(c)(1)(A)(ii).  It requires:  (1) that the defendant be "at least 70 years of age"; (b) that the defendant "ha[ve] served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which [he] is currently imprisoned"; and that the Bureau of Prisons ("BOP") have made a determination that the defendant is not a danger to the safety of another person or the community.

The Court accepts for argument that the defendant is 73 years old.  (Doc. 107 at 4 (the defendant's November 1950 birthdate is "unverified").  Because the defendant was released to home confinement in 2019 pursuant to the now-concluded pilot Elderly Offenders Program, the Court accepts for argument that BOP made the required determination.  However, the defendant has not served 30 years in prison on the sentence imposed in this case.

The defendant was convicted on a charge of conspiracy to possess with intent to distribute cocaine as well as on a substantive charge. In September 1999, he was sentenced to life imprisonment on the conspiracy conviction and to a concurrent term of 40 years on the substantive conviction. (Doc. 51). In December 2014, the Court reduced both sentences to 30 years, based on Amendment 782. (Doc. 110). The defendant has been in federal custody since September 1997. (Doc. 107 at 1). All of these dates are less than 30 years old. Indeed, since the defendant's term of imprisonment is 30 years, he could never be eligible for relief under this provision.

The defendant argues that, because federal prisoners can receive up to 15% in good time credits, he need not serve 30 years before being eligible for a sentence reduction under Section 3582(c)(1)(A)(ii); instead, only 25.5 years will do. (Doc. 135 at 22; Doc. 141 at 4-5). The Court finds nothing in the text of the statute to support the defendant's argument. On the contrary, Congress expressly required that the defendant have "served" at least "30 years in prison," and it is difficult to conceive how a defendant could serve 30 years, in prison, in only 25.5 years. Section 3624(b)(1) offers "credit toward the service of the prisoner's sentence," but credit towards service is not service itself.

In any event, Section 3582(c)(1)(A)(ii) requires that the time served in prison be "pursuant to a sentence imposed … for the offense or offenses for which the defendant is currently imprisoned." This means that only time the defendant has been incarcerated pursuant to the sentence imposed by Judge Vollmer in this case can count towards the 30 (or 25.5) years of required service in prison. The defendant assumes he has been incarcerated pursuant to his sentence in this case since September 1997, but that is incorrect. The defendant was arrested in September 1997 on federal drug charges brought in the Southern District of Florida. He was found guilty in January 1998 and sentenced to 121 months imprisonment. (Doc. 107 at 11). The defendant was not indicted in this case until April 1998, (Doc. 1), was not found guilty until June 1999, (Doc. 44), and was not sentenced until September 1999. (Doc. 51). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Because Judge Vollmer did not order that the defendant's sentence in this case run concurrently with his previous sentence in the other federal

case, (Doc. 51), as a matter of law they run consecutively.  Therefore, the defendant was serving his sentence under the Southern District of Florida judgment until approximately March 2006.[1] The defendant thus has served only about 18 years of the instant sentence, far below the 25.5 years he claims would suffice under Section 3582(c)(1)(A)(ii).

### B. Age and Medical Condition.

The Sentencing Commission has identified as an extraordinary and compelling reason for a sentence reduction a confluence of the following circumstances:  (1) the defendant is at least 65 years old; (2) he has served at least ten years of his sentence; and (3) he "is experiencing a serious deterioration in physical or mental health because of the aging process."  U.S.S.G. § 1B1.13(B)(2).  The defendant satisfies the first two requirements, but he does not satisfy the third.

The defendant provides a laundry list of unremarkable medical conditions noted during a 2023 medical visit, (Doc. 134 at 7-9), but he focuses the Court's attention on three of them:  dyslipidemia, bilateral nuclear cataracts, and carpal tunnel syndrome.  (Doc. 135 at 20-21).  The defendant identifies no impact on his health from his dyslipidemia (which can be treated with diet and a myriad of pills) but merely notes it could lead to future cardiovascular disease.  The defendant identifies no impact on his vision from his cataracts (which can be removed surgically) but merely notes that untreated cataracts can cause blindness.  The carpal tunnel syndrome (which can be treated surgically) causes only vaguely described "numbness and decreased strength" at his right wrist.  (Doc. 134 at 10).

The defendant must "actually experienc[e] a serious deterioration because of the aging process"; the deterioration cannot simply be inferred from the defendant's age.  *United States v. Monaco*, 832 Fed. Appx. 626, 630 (11th Cir. 2020).  The requirement of "serious deterioration" connotes deterioration "beyond what is normal to many individuals as part of the aging process."  *United States v. Ramirez*, 2022 WL 17411279 at *1 (11th Cir. 2022); *accord United States v.*

---

[1] This calculation gives the defendant credit against his previous sentence for all time spent in federal custody since his September 2007 arrest, as well as a full 54 days a year of good-time credit under Section 3624(b).

*Stevens*, 2023 WL 3236892 at *3, *16 (S.D. Ala. 2023). Thus, "where a prisoner suffers from multiple relatively minor or treatable conditions commonly caused by aging, those conditions do not support a finding of age-related serious deterioration in the prisoner's health." *United States v. Stafford*, 2023 WL 3619334 at *4 (S.D. Fla. 2023) (internal quotes omitted).

The defendant has shown nothing more than that he has some of the same conditions that many aging individuals share, without showing that any of these conditions (alone or in combination) impact his life or health, without showing that they do so beyond what is normal, and without showing that they are not easily treatable.

### C. Incapacitation of a Sibling.

The Sentencing Commission has identified as an extraordinary and compelling reason for a sentence reduction "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver." U.S.S.G. § 1B1.13(b)(3)(C). The Commission has extended this reason to when "circumstances similar to those listed in paragraphs (3)(A) through 3(C) exist involving any other immediate family member," with "immediate family member" defined as including "a grandchild, grandparent, or sibling of the defendant." *Id*. § 1B1.13(b)(3)(D). The defendant invokes this provision with respect to his sister and his brother-in-law. (Doc. 135 at 24-25).[2]

The defendant has submitted letters from his sister and a physician listing medical conditions experienced by both the sister and her husband. (Doc. 134 at 15; Doc. 141-1). As the Court has recently noted, "incapacitation" has been construed to require that "the relative is completely disabled, is unable to carry on any self-care, and is confined to a bed or chair." *United States v. Taylor*, 2024 WL 1538419 at *2 (S.D. Ala. 2024). The materials submitted by the defendant do not assert or demonstrate incapacitation under this standard.

The purpose of Section 1B1.13(b)(3) is to allow an incarcerated defendant to provide care to the incapacitated family member (assuming there is no one else available to do so). The

---

[2] The defendant's brother-in-law is not his sibling, but the Court assumes for argument that his "relationship with the defendant is similar in kind to that of an immediate family member." U.S.S.G. § 1B1.13(b)(3)(D).

defendant, who is on home confinement and who lives with his sister and brother-in-law, is already providing care to them. According to his sister, the defendant lives with them and "has been taking us to medical appointments and helping us a lot." (Doc. 134 at 15). Their physician confirms that the defendant "is taking care of" them. (Doc. 141-1). The defendant argues his assistance is "severely restrict[ed]" because he cannot leave the house without authorization from his supervising officer. (Doc. 135 at 25). He suggests the concomitant delay is inconvenient and could be disastrous should a medical emergency arise. (Doc. 141 at 2-3). Life is regrettably full of inconveniences, but the defendant has not shown that he is unable to care for his family without unfettered discretion to leave the house without notice and permission. He has not, for example, shown that his supervising officer is unresponsive to his requests, and a medical emergency, should one occur, would likely first require medical assistance at the house. On this record, the Court cannot conclude that a reduction in sentence is required to enable the defendant to care for his sister and her husband. *See United States v. Mustafa*, 2024 WL 713994 at *2 (D. Minn. 2024) (home confinement did not prevent the defendant from providing care to his special needs child).

### D. Cumulative Reasons.

The Guidelines provide as a catch-all reason for a sentence the following: "any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Moreover, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether … a reduction in the defendant's term of imprisonment is warranted." *Id*. § 1B1.13(d). In addition to the circumstances discussed in Parts II.A through II.C, the defendant offers his rehabilitation and a physical injury he suffered due to his ankle bracelet as supporting the existence of extraordinary and compelling reasons to reduce his sentence. (Doc. 135 at 1, 23-24, 25-26).

As evidence of rehabilitation, the defendant relies on his selection by BOP for release to home confinement under the Elderly Offenders Program, his employment while on home confinement, his membership in a faith community, and his payment of all monies outstanding from the Southern District of Florida case. (Doc. 135 at 26). These are real accomplishments,

6

but they cannot compensate for the defendant's inability to establish an extraordinary and compelling reason under Section 1B1.13(b) or to come remotely close to doing so. "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(c).

It appears that the defendant, while using a ladder in the course of his employment, fell when his ankle bracelet caught on the ladder, resulting in injury to his elbow and back. (Doc. 135 at 23-24). He was seen on the date of the accident in April 2023 and a second time in August 2023. (Doc. 134 at 11-14). It may or may not be a good idea for the defendant to use ladders while wearing an ankle bracelet, but doing so does not furnish, or contribute to, an extraordinary and compelling reason to reduce his sentence.

### III. Policy Statements.

Even when extraordinary and compelling reasons for a sentence reduction exist, relief is statutorily prohibited unless the Court finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission …." 18 U.S.C. § 3582(c)(1)(A). The Commission's policy statement includes the requirement that "the court determin[e] that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Given the BOP's release of the defendant to home confinement in 2019, the Court assumes without deciding that it could make such a determination.

### IV. Section 3553(a).

The defendant was a major distributor of cocaine over a period of at least six years. Judge Vollmer at sentencing found the defendant to have distributed over 150 kilograms of cocaine, and it appears the only reason he stopped at that figure is because, under the guidelines then in effect, that amount of cocaine triggered the highest possible base offense level. According to the Eleventh Circuit, Judge Vollmer had before him evidence from which he could reasonably have found far north of 500 kilograms. (Doc. 60 at 7).

The defendant's adjusted total offense level was 43, with a criminal history category of III. (Doc. 107 at 10, 12). With the two-level reduction of Amendment 782, the defendant's guideline range dropped to 360 months to life, and the Court imposed a low-end sentence of 360

months. (Doc. 110). Of that 30-year sentence, the defendant has served approximately 18 years, only thirteen of which were spent in prison. The defendant has spent the past five years in the community on home confinement, and the balance of his sentence, should he behave, likewise will be spent in a home environment.[3] After considering the Section 3553(a) factors, and on the record and argument the defendant has provided, the Court is unpersuaded that a further reduced sentence would be consistent with Section 3553(a) even had the defendant demonstrated his eligibility for such relief.

## V.  Conclusion.

For the reasons set forth above, the defendant's motion for compassionate release is **denied**.

DONE and ORDERED this 23rd day of April, 2024.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] BOP lists the defendant's projected release date as November 20, 2030.