IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 98-0057-WS |
| | ) | |
| JAIME AIRD, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

The defendant was convicted and sentenced in this District on federal charges after having been sentenced on federal drug charges in the Southern District of Florida ("the Florida sentence"). "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Because Judge Vollmer did not order that the defendant's sentence in this case run concurrently with the earlier Florida sentence, (Doc. 51), Section 3584(a) dictates that the sentence he imposed runs consecutively to the Florida sentence.

The defendant recently filed a "motion for a judicial recommendation to designate sentences as concurrent nunc pro tunc." (Doc. 143). The defendant asked the Court to issue a "non-binding recommendation to the Bureau of Prisons ["BOP"] under 18 U.S.C. § 3621(b)(4)" that his sentence in this case "run concurrently nunc pro tunc" with the Florida sentence. (*Id*. at 1).

Section 3621(b) addresses a convicted defendant's "place of imprisonment." Congress has established that "[BOP] shall designate the place of the prisoner's confinement." 18 U.S.C. § 3621(b). Congress has also required that, in doing so, BOP shall consider "any statement by the court that imposed the sentence … recommending a type of penal or correctional facility as appropriate …." *Id*. § 3621(b)(4)(B).[1]

---

[1] Pursuant to this provision, the Court often recommends in its judgment that a defendant be placed in a federal facility with, for example, appropriate substance abuse, mental health, or medical services.

Pursuant to Section 3621(b), "BOP has the authority to retroactively designate where a prisoner will serve his term of imprisonment, and may assign a prisoner to serve his federal sentence in a state correctional facility." *Davis v. Warden*, 666 Fed. Appx. 802, 803 (11th Cir. 2016). The practical effect of such a designation is to render the federal sentence concurrent with the state sentence. *United States v. Allen*, 124 Fed. Appx. 719, 721 (3rd Cir. 2005) ("Only where the BOP specifically designates the state facility will a prisoner receive federal credit for time spent incarcerated in a state prison."). BOP has developed a program statement to channel its discretion in making such a determination, which contemplates consideration of any post-judgment judicial recommendation. *Id*. (citing Federal BOP Program Statement 5160.05).

The defendant in his previous motion relied only on a case involving a post-sentencing recommendation where a *state* sentence was imposed *after* the federal sentence was imposed. *See United States v. Pineyro*, 112 F.3d 43 (2nd Cir. 1997). The Court denied the defendant's motion because he failed to show that either Section 3621(b) or any other provision of law authorizes the Court to recommend to BOP, years after sentencing and despite Section 3584(a), that the defendant's sentence in this case run concurrently with a *prior*, *federal* sentence. (Doc. 144).

The defendant has now filed a "renewed" motion for a judicial recommendation to designate sentences as concurrent *nunc pro tunc*. (Doc. 145). The renewed motion continues to seek a recommendation under Section 3621(b). The defendant argues that the Third Circuit has recognized that BOP's authority to retroactively designate a facility for service of a federal sentence "is not limited to state situations." The defendant further suggests that a BOP program statement implementing Section 3621(b) likewise contemplates post-sentencing judicial recommendations for concurrency of separate federal sentences. Finally, the defendant asserts that the language of Section 3621(b) does not preclude its application to "federal-only cases." (Doc. 145 at 2-3).

The defendant relies on *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990). *Barden* is one of many federal cases discussing BOP's "discretion to designate a state prison as a

place of federal confinement." *Id*. at 482.  *Barden* did not involve two federal sentences, and it said nothing about either BOP's authority *vel non* to render two federal sentences concurrent despite Section 3584(a) or the permissibility under Section 3621(b)(4) of a *post hoc* judicial recommendation for such treatment.

The defendant relies on Program Statement 5160.05, the terms of which explicitly limit its scope to "provid[ing] instructions for the designation of a state institution for concurrent service of a federal sentence."

As already noted, Section 3621(b) addresses only the place of confinement, not the concurrent or consecutive nature of sentences.  It is only indirectly, by designating a state institution as the place of serving a federal sentence, that Section 3621(b) impacts the concurrent/consecutive dichotomy.  Similarly, the only judicial recommendation authorized by Section 3621(b)(4) is one regarding the type of institution, not the character of the sentence as concurrent or consecutive.  A recommendation that the defendant serve his sentence in a federal facility, even if offered, would accomplish nothing, since both his federal sentences were served in a federal facility.[2]

Because the defendant still has not shown that the Court is empowered to issue a recommendation to BOP to treat his separate federal sentences as concurrent despite Section 3584(a), his renewed motion for such relief is **denied**.

DONE and ORDERED this 12th day of November, 2024.

                                      s/ WILLIAM H. STEELE
                                      UNITED STATES DISTRICT JUDGE

---

[2] The defendant was released to home confinement in 2019 pursuant to the now-concluded pilot Elderly Offenders Program.